UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 13-538 (RMB) |
| | : | |
| RONZELL MITCHELL | : | **OPINION** |

This matter comes before the Court on Defendant Ronzell Mitchell's Motion to Terminate Supervised Release [Dkt. No. 45]. For the reasons that follow, the motion is denied without prejudice.

On August 14, 2013, Defendant Ronzell Mitchell pled guilty to a one-count Information charging him with conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349. On August 15, 2014, Defendant was sentenced to imprisonment for a term of 28 months and supervised release for a term of 3 years. The Defendant was also required to pay restitution in the amount of $272,247 (which was submitted prior to sentencing), and a fine of $35,000 [Dkt. No. 33].

On May 30, 2013, in the Eastern District of Texas, Defendant pled guilty to mail fraud in violation of 18 U.S.C. 1341. Defendant was sentenced to imprisonment for a term of 46 months (later reduced to 31 months), followed by 3 years of

supervised release and was ordered to pay restitution in the amount of $1,408,402.96.

The custodial sentence in the instant matter was ordered to run consecutively to the term of imprisonment imposed in the Eastern District of Texas.

Defendant argues that he has complied with the conditions of supervised release: specifically, 1)he engaged in rehabilitation during his incarceration; 2) he has successfully developed a yoga business; and 3) his family requires his presence outside of the supervising district "sometimes on short notice."

The Government (as well as the Court) commends Defendant on his ability to maintain his yoga business.  Stable employment, however, is a standard condition of supervised release.  The Government disagrees, however, that family circumstances and his inability to travel in the face of family emergencies warrant early termination of supervised release.  Indeed, the probation officer advises that the Defendant is routinely granted permission to attend to family matters, including out-of-state events.

The Government also notes that Defendant has outstanding financial obligations imposed at sentencing in the instant matter.  The Government submits that the Court should consider that the completion of supervised release is appropriate to aid

in the payment of Defendant's fine  Cf. United States v. Bayard, 537 F. App'x 41, 43 (3d Cir. 2013)(affirming denial of motion for early termination where the defendant owned $4,000 in restitution).  Defendant still owes $31,900 toward the fine imposed at sentencing, and $1,388,097.70 in restitution as ordered by the United States District Court for the Eastern District of Texas.

This Court has discretion to terminate a term of supervised release, pursuant to Title 18, United States Code, Section 3583(e)(1).  That section provides, in pertinent part:

> The Court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7). . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

Early termination of supervised release is a decision entrusted to the sound discretion of the District Court.  Courts in various jurisdictions, including in the Third Circuit, have repeatedly held that "mere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination."  United States v. Caruso, 241 F. Supp. 2d 466, 469 (D.N.J. 2003); see also United States v. Paterno, 2002 WL 1065682, at *3 (D.N.J. April 30, 2002)(unpublished)(Bassler,

U.S.D.J.) ("Merely complying with the terms of his probation and abiding by the law are not in and of themselves sufficient to warrant early termination of probation; rather, this is simply what is expected of Defendant").

In this Court's view, Defendant has not demonstrated any exceptional circumstances that would warrant early termination of the period of supervised release imposed by the sentencing Court. That Defendant has been compliant on supervised release is what is expected of him, and, indeed, Defendant still has outstanding financial obligations in connection with the sentence imposed by this Court.

Considering the § 3553 factors and the interest of justice this Court that Defendant is routinely granted permission to attend to family matters, including out-of-state events., this Court finds that the Defendant shall remain on supervised release. Continuing Defendant on supervised release "promotes respect for the law" and has "a very valuable deterrent" effect on defendants, thereby protecting the public. United States v. Westberry, 2017 WL 3411865, at *2 (3d Cir. Aug. 9, 2017) (non-precedential).

Accordingly, the Court denies Defendant's motion.

                                       s/Renée Marie Bumb
                                       RENÉE MARIE BUMB
                                       United States District Judge

Dated: January 7, 2020